## Mann et al. v. Diamond et al.

*Wexler & Weissman,* for petitioners.
*D. N. Feldman,* contra.

SLOANE, J., April 1, 1946.—Because of the consequences of a violent twist of minor plaintiff's right arm by minor defendant, plaintiffs, the minor and his parents, sued for recovery. The father of minor defendant, as his guardian ad litem,* counterclaimed for the consequences of a beating that father plaintiff gave minor defendant, not at the time of the arm-twisting, but a year later.

The counterclaim is opposed. My conclusion is it cannot be done. There is no provision in our practice for the filing of a counterclaim in actions of trespass except as found in the Act of May 14, 1915, P. L. 483, sec. 13, as amended by the Act of April 4, 1929, P. L. 140, 12 PS §412. The pertinent portion reads:

"The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own

---

* The father was brought upon the record subsequently (February 11, 1946), after filing of a petition for that purpose.

part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action."

But obviously the actions here, while tort, are not based on negligence, lack of proper care, but on deliberateness, an intentional wrong, the common law trespass for battery (A. L. I. Restatement of the Law of Torts, vol. 1, p. 26, et seq.), and plainly out of the scope of the act: Massaro v. Iavocola, 26 D. & C. 189 (1936). Besides, defendant's claim is not one "arising out of the same general circumstances upon which the plaintiff's claim is based"; plaintiffs aver a battery on minor plaintiff by minor defendant on July 17, 1944; defendant's claim is based on a battery on minor defendant by father plaintiff a year later, July 28, 1945.

Thus, even the proposed Rules of Civil Procedure governing actions at law (Recommendation no. 17 of the Procedural Rules Committee), Chapter II, Rule 1046, would not permit this counterclaim. This proposed rule reads:

"A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose."

In some jurisdictions a counterclaim by a defendant in a battery action, for damages sustained in the same affray, is permitted, and so for an independent tort, the right of counterclaim has been sustained (see generally, the annotation in 47 A. L. R. 1095). Here it is not even the same affray.

Liberality in pleading and consolidation of action is what we strive for, but this is not the instance for it.

The petition for leave to file a counterclaim is refused.